PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* RAMÓN TINAJERO, Defendant and Appellant.

No. 3772.  Argued November 4, 1929.—Decided March 21, 1930.

*G. S. Pierluisi* and *R. A. Atiles,* for appellant. *R. A. Gómez,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In this appeal the information is impugned on the ground that the court was pronouncing judgment against the appellant by virtue of citation of section 419 of the Penal Code. That section relates to "counterfeiting" and it is maintained that there is nothing in the information which shows any altering of moneys or bank-notes, or similar documents, or the false representation of non-existing persons, or any other of the matters set out in that section. The *Fiscal,* however, maintains, and we agree, that the facts expressed in the information point to the crime of forgery, as set out in section 413 of the Penal Code. Therefore a mistaken characterization of the offense by the court would not avail appellant. *People* v. *Falcastro,* 17 P.R.R. 88 and *People* v. *Benítez,* 23 P.R.R. 315.

According to the *Fiscal,* the court cited section 419 by way of illustration, but even if there was a mistake, it needs no further attention.

Section 413 provides:

"Every person who, with intent to defraud another, falsely makes, alters, forges, or counterfeits any charter, letters-patent, deed, lease, indenture, writing obligatory, will, testament, codicil, annuity, bond, covenant, bank-bill or note, post-note, check, draft, bill of exchange, contract, promissory note, due bill for the payment of money or prop-

erty, receipt for money or property, passage ticket, power of attorney or any certificate of any share, right, or interest in the stock of any corporation or association, or any controller's warrant for the payment of money at the treasury, treasurer's order or warrant, or request for the payment of money, or the delivery of goods or chattels of any kind, or for the delivery of any instrument of writing, acquittance, release, or receipt for money or goods, any acquittance, release, or discharge for any debt, account, suit, action, demand, or other thing, real or personal, or any transfer or assurance of money, or certificates of shares of stock, goods, chattels, or other property whatever or any letter of attorney, or other power to receive money, or to receive or transfer certificates of shares of stock or annuities, or to let, lease, dispose of, alien, or convey any goods, chattels, lands, or tenements, or other state, real or personal, or any acceptance or indorsement of any bill of exchange, promissory note, draft, order or assignment of any bonds, writing obligatory, or promissory note for money or other property, or counterfeits or forges the seal or handwriting of another, or utters, publishes, passes, or attempts to pass, as true and genuine, any of the above named false, altered, forged or counterfeited matters, as above specified and described, knowing the same to be false, altered, forged, or counterfeited, with intent to prejudice, damage, or defraud any person; or who, with intent to defraud, alters, corrupts, or falsifies any record of any will, codicil, conveyance, or other instrument, the record of which is by law evidence, or any record of any judgment of a court, or the return of any officer to any process of any court, is guilty of forgery.''

The information set up in effect that the defendant attempted to pay goods purchased with a check purporting to be signed by Doctor Yordan Pasarell, which was never actually so signed, knowing it to be forged, and with the intent to defraud the firm of Colón & Segarra, all in Ponce. The defendant, therefore, with intent to defraud Colón & Segarra, passed as genuine a forged check, knowing it to be forged. This was the essential charge and it fell within section 413 of the Penal Code.

We find no duplicity in the information, supposing that this question was duly raised in the court below.

The defendant set up a variance. The discrepancy alleged was that there was no evidence of actual passing. The proof

tended to show that the defendant had received the goods into his own hands; that he intended to buy of Colón & Segarra; that he turned over the false check to the salesman; that the latter could not accept it without the approval of a member of the firm; that a member of the firm was about to collect the check when the police and Doctor Yordan arrived and stopped further proceedings.

If the check had been good the title would have passed. Hence, not being good, Colón & Segarra would have been defrauded. The passing and the attempt to defraud were manifest and sufficient to convict, provided the other elements of offense concurred.

The appellant cites a case from California to show that it was necessary for Doctor Yordan to deny that he had authorized the defendant to sign the check. The evidence, direct and substantial, strongly tended to show that Doctor Yordan had given the defendant no such authority. When Doctor Yordan met the defendant in the shop of Colón & Segarra he asked the said defendant why he was trying to exchange a forged check, or words to that effect, and the defendant asked to be forgiven and said that he would never do it again, and on the way to the police station the defendant begged the doctor not to prosecute him for the crime.

The third assignment of error was disposed of in our consideration in the matter of variance.

We should add that counsel in this case were assigned by the court to defend and did all they could to aid their client.

The judgment appealed from should be affirmed.